# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)* | )<br>)<br>)  Case No.<br>)<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:


The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
  ❐ evidence of a crime;
  ❐ contraband, fruits of crime, or other items illegally possessed;
  ❐ property designed for use, intended for use, or used in committing a crime;
  ❐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

 *Code Section*                                                  *Offense Description*


The application is based on these facts:


  ❐ Continued on the attached sheet.
  ❐ Delayed notice of \_\_\_\_\_ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Daniel Mullen*
Applicant's signature

_____
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____ *(specify reliable electronic means)*.

Date: _____        _____
                                                             Judge's signature

City and state: _____        _____
                                                             Printed name and title

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means        ☐ Original        ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)* | )<br>)<br>)  Case No.<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**YOU ARE COMMANDED** to execute this warrant on or before _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.        ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ .
                                                                                              *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
    ☐ for \_\_\_\_\_ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:  _____    _____
                                                                                                         *Judge's signature*

City and state:  _____    _____
                                                                                                         *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>Date: _____<br><br>_____<br>*Executing officer's signature*<br><br>_____<br>*Printed name and title* |

## ATTACHMENT A

*Property to be searched*

The property to be searched is the inventoried personal property of Eric Mangold that was removed from his possession incident to his arrest on November 22, 2020. The property is currently housed at Metropolitan Police Department – Second District (3320 Idaho Ave. NW, Washington D.C. 20016) where it is being held for safekeeping by Metropolitan Police Department.

## ATTACHMENT B

*Property to be seized*

The items to be seized is evidence relating to violations of 18 U.S.C. § 1752(a)(1) and 22 D.C. Code § 3302(b), as described in the search warrant affidavit, including, but not limited to: a knife, reddish in color, and any corresponding case or sheath that was removed from Eric Mangold's possession incident to his arrest on November 22, 2020. The knife is visible in the below picture.



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF:**<br><br>**PROPERTY OF ERIC MANGOLD CURRENTLY HELD BY METROPOLITAN POLICE DEPARTMENT – SECOND DISTRICT UNDER RULE 41** | Case No.: 20-SW-304 |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Daniel Mullen, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the personal property of Eric Mangold currently held for safekeeping by Metropolitan Police Department (MPD), further described in Attachment A, for the things described in Attachment B.

2.      I am a Uniformed Division Officer with the United States Secret Service (USSS). I have been in this position since July 2019. As part of my training with the USSS, I attended the Federal Law Enforcement Training Center and graduated from the Uniformed Police Training Program (UPTP). Subsequently, I attended the USSS James J. Rowley Training Center where I graduated from the Uniformed Division Training Course (UDTC). I was trained in topics such as police tactics, interview techniques, evidence collection and handling, and protective methodologies. My coursework included classes such as Use of Force, Protection Law, Fourth Amendment, Fifth Amendment & Miranda, among numerous other topics. My training also

included dynamic scenario-based training specifically tailored to assignments at the White House complex and at other restricted areas. As a USSS Uniformed Division Officer, I am authorized to investigate violations of laws of the United States and violations of D.C. Code, and as a law enforcement officer I am authorized to execute warrants issued under the authority of the United States.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and agencies. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant. It does not set forth all of my knowledge, or the knowledge of others, about this matter.

4. Based on my training and experience and the facts as set forth in this affidavit, I respectfully submit that there is probable cause to believe that violations of 18 U.S.C. § 1752(a)(1) and 22 D.C. Code § 3302(b) have been committed by Eric Mangold. There is also probable cause to search the personal property of Eric Mangold currently held by MPD, further described in Attachment A, for the things described in Attachment B.

## **PROBABLE CAUSE**

5. On November 22, 2020, at approximately 6:33p.m., an individual later identified as Eric Mangold ("Mangold" or "Defendant") was arrested for unlawfully entering the restricted area around the White House.

6. The White House complex, which includes, among other things, the White House Mansion and the White House grounds, is a restricted area in Washington, D.C. Only people with authorized access are permitted inside the White House complex, which has both permanent and

movable security barriers surrounding it ("security barriers"). There are signs posted along the security barriers that state "Restricted Area, Do Not Enter."

7. At the above listed date and time, United States Secret Service Uniformed Division Officer Daniel Mullen was in full police uniform and walking towards a fixed United States Secret Service post located at the intersection of East Executive Ave, NW and E Street, NW within the secured and restricted area of the White House Complex. At that time, Officer Mullen heard Officer Gerard Boykin say over the radio that there had been a penetration in security by the defendant, later identified by a Texas driver's license as Eric Paul Mangold on a moped through a United States Secret Service vehicle gate located at Alexander Hamilton and 15th Street, NW. This vehicle gate is a point of exit for the White House Complex. At the time, Officer Boykin had just allowed an individual that was leaving the complex out of the gate and was in the process of closing the gate. There are multiple posted signs that state: "Do not Enter. Authorized Entry Only," "Pass holders and Appointments only," and "Warning: weapons prohibited."

8. While monitoring the radio traffic, Officer Mullen witnessed the defendant on the moped traveling at a high rate of speed turning from Alexander Hamilton southbound to East Executive Avenue and matching the radio description, continue to travel down East Executive Ave, NW unlawfully within the White House Complex.

9. Officer Mullen gave a loud police command to the defendant to stop while continuing to pursue the defendant who failed to stop. The defendant then proceeded to stop at a vehicle gate located at the intersection of East Executive Ave, NW and E Street, NW inside the White House Complex. The affiant along with several other officers drew their service-issued weapons and gave commands to the defendant to step off of the moped, keep his hands where we

could see them, and lay on the ground before Officer Mullen detained the defendant. Officer Mullen asked the defendant if he had any weapons. The defendant responded that he had a knife in his jacket. The defendant had two jackets on. United States Secret Service Uniformed Officer Ryan Morris then began a protective search and search incident to arrest of the defendant and discovered the knife in the defendant's left inner jacket pocket of the inner jacket and a white plastic bag in left outside jacket pocket of the inner jacket. When asked what the bag was the defendant stated, "It was weed."

10. A NCIC/WALES check of the defendant was requested from the U.S. Secret Service Joint Operations Center (JOC) which came back clear with no wants/warrants. The officers also requested the JOC to advise if the defendant had an appointment at the White House to which the JOC responded that the defendant did not have an appointment.

11. The penalty for violating 18 U.S.C. § 1752(a)(1) is enhanced if "the person, during and in relation to the offense, uses or carries a deadly or dangerous weapon or firearm" 18 U.S.C. § 1752(b)(1)(A). When processing the evidence and personal property of the defendant, the knife was inadvertently left in the prisoner's property instead of seized as evidence of the crime described at the time of the defendant's arrest.

12. Based on the foregoing, your affiant submits that there is probable cause to believe that the defendant violated 18 U.S.C. § 1752(a)(1) and 22 D.C. Code § 3302(b).

## REQUEST TO SUBMIT WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

13. I respectfully request, pursuant to Rules 4.1 and 41(d)(3) of the Federal Rules of Criminal Procedure, permission to communicate information to the Court by telephone in

4

connection with this Application for a Search Warrant. I submit that staff from the United States Attorney's Office are capable of identifying my voice and telephone number for the Court.

## **CONCLUSION**

14. I submit that this affidavit supports probable cause for a warrant to search the personal property of Eric Mangold held by MPD (described in Attachment A) and to seize the items described in Attachment B.

Respectfully submitted,

*Daniel Mullen*

Daniel Mullen
Uniformed Division Officer
United States Secret Service

*Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on November 30, 2020.*

_____
ROBIN M. MERIWEATHER,
MAGISTRATE JUDGE
FOR THE DISTRICT OF COLUMBIA

5